UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GUERRA FELIX,<br><br>Petitioner,<br><br>v.<br><br>PAUL THOMPSON,<br><br>Respondent. | No. 2:21-cv-0835 TLN CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He is housed at Federal Correctional Institution-Herlong, which lies within the territorial jurisdiction of this court, and challenges the execution of his sentence.

On October 12, 2017, petitioner pled guilty in the United States District Court for the District of Wyoming to conspiracy to distribute methamphetamine.  ECF No. 7-1 at 4-5 & 12.  On February 2, 2018, he was sentenced to 121 months imprisonment.  Id. at 14.  Petitioner's projected release date is August 30, 2026.  ECF 7-2 at 13.

In his petition, petitioner seeks immediate placement in a Residential Drug Abuse Program (RDAP).  Respondent has filed a motion to dismiss arguing, among other things, that the claim presented by petitioner is not ripe for review.  For reasons which follow, the court agrees.

/////

Respondent has provided the affidavit of Jess Pino, Correctional Programs Specialist with the Federal Bureau of Prisons (BOP). According to Ms. Pino, petitioner has been "tentatively approved" for RDAP, "but is not formally eligible for enrollment until he is within approximately 24 months of his expected release date." ECF No. 7-2 at 2-3. Petitioner does not dispute this.

Petitioner argues that he should be credited with 538 days against his sentence pursuant to the "First Step Act" (FSA) enacted in 2018; this would render him immediately eligible for placement in a RDAP. The FSA creates a recidivism reduction program that incentivizes inmates to participate in and complete programs and productive activities by, among other things, awarding sentence credit. 18 U.S.C. § 3632(d)(4).

There are two primary problems with petitioner's claim. First, the BOP was given two years, until January 15, 2022 to "phase in" implementation of the FSA. 18 U.S.C. § 3261(h); ECF No. 7-2 at ¶17. Nothing suggests that implementation has been completed early or that petitioner is entitled to the application of any FSA sentence credit prior to completion. Similar conclusions have been reached in several cases including Depoister v. Birkholz, Civ. No. 21-684 (ECT/BRT), 2021 WL 3493692 (D. Minn. July 8, 2021); Jones v. Hendrix, No. 2:20-CV-00247-ERE, 2021 WL 2402196 (E.D. Ark. June 11, 2021); Fleming v. Joseph, Case No. 3:20cv5990-LC-HTC, 2021 WL 1669361, at *4-6 (N.D. FL April 7, 2021); Kennedy-Robey v. FCI Pekin, C/A No. 20-1371, 2021 WL 797516, at *2–4 (C.D. Ill. Mar. 2, 2021). But see Goodman v. Ortiz, No. 20-7582, 2020 WL 5015613, at *6 (D. N.J. Aug. 25, 2020) (respondent did not contest that FSA credits had been earned, therefore court ordered them applied).

Second, petitioner fails to identify any "programs" or "productive activities" that he has completed which qualify for sentence credit even if the BOP were required to apply such credit to petitioner's sentence before completion of the implementation of the FSA.

In light of the foregoing, the court will recommend that respondent's motion to dismiss be granted. In light of this recommendation, the undersigned finds it unnecessary to address the remaining grounds raised in respondent's motion to dismiss.

/////

/////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 7) be granted.

2. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed.

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 12, 2021

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

feli1059.fstep(2)