UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GUERRA FELIX, | No. 2:21-cv-00835-TLN-CKD |
| Petitioner, | |
| v. | **ORDER** |
| PAUL THOMPSON, | |
| Respondent. | |

Petitioner Francisco Guerra Felix ("Petitioner"), a federal prisoner proceeding *pro se*, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On November 12, 2021, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 10.) Petitioner subsequently filed objections to the findings and recommendations, which were considered by this Court. (ECF No. 12.) Having carefully reviewed the entire file, this Court adopted the findings and recommendations, finding them to be supported by the record and by proper analysis. (ECF No. 14.) Accordingly, Petitioner's petition for a writ of habeas corpus was dismissed, the case was closed, and judgement was entered. (ECF Nos. 14 & 15.) Petitioner then filed the instant Motion for Reconsideration and Motion for a Certificate of Appealability. (ECF No. 16.) The Court will

1

examine each motion in turn.

### A. Motion for Reconsideration

The Court construes Petitioner's motion as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Rule 59(e) states, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court filed its Order (ECF No. 14) on January 11, 2022. Plaintiff filed the instant motion (ECF No. 16) on January 21, 2022, ten days after the entry of judgment. Therefore, Plaintiff's motion for reconsideration is timely.

However, "[u]nder Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). The Court has carefully reviewed the entire file, including Plaintiff's request (ECF No. 16). The Court still finds the findings and recommendations to be supported by the record and by proper analysis. Simply put, though Plaintiff's motion is timely, the Rule 59(e) standard is not met here. Therefore, Petitioner's Motion for Reconsideration is DENIED.

### B. Motion for a Certificate of Appealability

Before Petitioner can appeal the decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. *See* Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability should issue if the petitioner can show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

1    Here, the petition was dismissed on procedural grounds, as it was not ripe for review. (*See* ECF No. 10.)  However, Petitioner has not demonstrated any showing that jurists of reason could disagree with this Court's resolution of his claim nor that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.  (*See* ECF No. 16.) Accordingly, for the reasons set forth in the magistrate judge's findings and recommendations, the Court finds that issuance of a certificate of appealability is not warranted in this case. Therefore, Petitioner's Motion for a Certificate of Appealability is DENIED.

    For the foregoing reasons, Petitioner's Motion for Reconsideration (ECF No. 16) and Motion for a Certificate of Appealability (ECF No. 16) are hereby DENIED.  Accordingly, this Court DENIES a Certificate of Appealability.  (*See* ECF No. 16.)

    IT IS SO ORDERED.

DATED:  March 9, 2022

_____
Troy L. Nunley
United States District Judge

3